Judge Robertson
delivered the opinion of the Court.
This was an action of assumpsit, for use and occupation of a house and lot, for three years. *548 On the trial, it being found that Simpson leased the house, by parol contract, for three years, at $50 a year; the court, on his motion, instructed the jury to find, as in case of a non-suit, and the verdict a.nd judgment were accordingly for the defendant,
The instruction of the court is palpably wrong. It must have been based on the opinion, either that assumpsit would not lie for use and occupation, or that the statute of frauds and perjuries applied to the case. We suppose that the latter reason, was that which influenced the court. For the first declaration was on the special contract, and the court sustained a demurrer to it; and then an amended declaration, for use and occupation, was filed, which would not have been done, if it had been the opinion of the court, that debt on the contract, implied by the privity of estate, was the appropriate remedy. Although if was long doubted, whether assumpsit could be maintained for use and occupation; yve consider it now well settled by authority, fortified by principle and analogy, that it is the most appropriate action. It must, therefore, have been the opinion o,f the court, that there could be no recovery for use and occupation of the house and lot, because they were occupied under an express parol contract, for a longer term than one year.
• This is evidently a mistake. The statute of frauds prevents the enforcement of such a contract, by suit. It declares that no action shall be brought upon it. But it does no.t declare it void. It is not void. If executed, it is good. If executed by the lessor, the lessee may object to a suit upon it; but he will not be permitted to treat it as a nullity. He may protect himself from the charge of trespass, by proving it. He may prevent a recovery by the lessor, for more than the amount of rent, which it stipulated for. And the only effect of the statute, in such a case, on the rights of the lessor is, that it deprives him of any benefit from the express contract. He cannot enforce it. He cannot sue upon it. But as the lessee has occupied his house or his land, the law will imply, that he has undertaken to pay the value of the use. There is no reason why the law would not imply a contract, to pay for the use of land, as readily asfor the use of any thing else. If *549 there be no special contract for the. use, the implication will certainly arise. If there be a legal, express contract, none could be implied, because the law will imply a contract, only when there is no express contract, which it can recognize. If one man occupy the. land of another, for one year, without any express contract for rent, he will be bound by conscience and law, to pay the owner the value of the use. Ought he not to be equally bound, if he shall occupy it two years? It being proved, that there was an express contract for the rent, for two years, cannot entitle the defendant to a non-suit, on the ground that the contract proved, and that alleged, are different. Because no suit can be maintained, except upon the implied contract. And surely, in such a case, the plaintiff has as much right to recover the value of the use of his land, as he ■vyould have, if there had been no contract for the price, except that he ought not to recover more than he had agreed to take, nor sooner than he could, by the terms of the express contract, if he were allowed to sue .on it.
Denny, for plaintiff.
This seems to be the suggestion of reason, and the dictate of sound morality. It is certainly the doctrine of the law. Many analogies might be cited, for illustration. But it is not nozo necessary to appeal to any such arguments. The case of Roberts vs. Tonnell, 3 Monroe, 247, is a direct authority.
Wherefore, the judgment of the circuit court is reversed, the verdict set aside, and the cause remanded, for a new trial.